By the Cottet.
Duer, J.
We may believe and regret, that the recent decisions in the Court of Appeals upon which the counsel for the defendant relies, are at variance with the law as now understood in England, and in most of our sister states, and as it was formerly understood in this city, not only By the mercantile community, but generally speaking, by the members of our profession. But the law as settled by the court of ultimate jurisdiction, is that which we, as a subordinate court, are bound to follow, and we shall never permit our personal views or feelings to interfere with the discharge of this paramount duty.
*73 The former judgment of this court in this cause was reversed in the Court of Appeals, and a new trial ordered; and the Judge upon the second trial, understanding that in the opinion of the Court of Appeals, the evidence on the part of the plaintiff was wholly insufficient to maintain the action, felt himself hound to dismiss the complaint. If we give the same construction to the decision of the Court of Appeals, we are equally bound to affirm his judgment.
It is true that our former judgment was reversed in the Court of Appeals upon the ground that the Judge, who tried the cause, in his charge to the jury, laid an undue stress upon the proof that had been given of a general usage in the sale of blankets, but it is impossible to read the opinions of the two learned Judges, (Justices Jewett and Gardiner,) with whom their brethren concurred, without being satisfied that, in their judgment, had the proof of usage been wholly rejected, there was no evidence on the part of the plaintiff that could warrant a recovery. Gardiner, J., expressly says, that had not the jury been misled by the charge of the Judge as to the usage “they could not have found a verdict for the plaintiff;” plainly meaning, that there was no evidence that could justify and sustain such a verdict. (1 Sel-den, 106.)
It is admitted that the evidence in the case now before us, is exactly the same as in the bill of exceptions upon which our former judgment was reversed. Not a single additional fact occurring at the time of the sale, has been proved. And it is upon the facts then occurring, we are now instructed that the question whether a warranty was intended, in all cases, depends.
And these material and alone material facts are thus briefly stated by Mr. Justice Gardiner: “ The plaintiff called at the store of the defendant, and asked for Erench blankets: two or three pair were shown to him. He called again, and saw the same. Plaintiff neither asked for the bales, nor was any thing said about them; the blankets exhibited were sound. Defendant agreed to sell, and the plaintiff to buy; and this was the whole of it.” The learned Judge then adds: “The mere showing of the blankets at the time of the sale was not of itself an agreement to sell by sample; in other words, to warrant the goods; and yet this was *74 the whole transaction.” We are wholly ignorant of the force of language, or the learned Judge meant to say that “the whole transaction” afforded no proof whatever of the existence of the agreement which the complaint averred, and the plaintiff was bound to prove.
We deem it needless to pursue the discussion. We cannot be mistaken in holding that the decisions of the Court of Appeals in Hargous v. Stone, and in Beirne v. Dord, (1 Selden 73, id. 95,) have settled the law, that the mere exhibition of a sample by the seller of goods, never creates a warranty that the bulk of the goods is of the same quality as the sample, and it is a necéssary consequence of this rule, that if upon the trial of an action like the present, nothing more is proved to have occurred, at the time of the sale, than the exhibition of a sample, it is the duty of the Judge to say, that the plaintiff is not in law entitled to recover, and, consequently, to dismiss his complaint. When nothing more is proved, it would be absurd to submit to the jury the question, whether a warranty was intended, when their verdict, if rendered for the plaintiff, would be set aside, as contrary to law.
The judgment at Special Term dismissing the complaint is affirmed with costs.